1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney

2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  MATTHEW A. PARRELLA (NYBN 2040855)
   MICHELLE J. KANE (CABN 210579)
5  Assistant United States Attorneys

6      150 Almaden Boulevard, Suite 900
       San Jose, California 95113
7      Telephone: (408) 535-5061
       FAX: (408) 535-5066
8      Matthew.Parrella@usdoj.gov

9  Attorneys for United States of America

10
                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN JOSE DIVISION
13

14  UNITED STATES OF AMERICA,            )  CASE NO. CR 15-00013 EJD
                                         )
15          Plaintiff,                   )  UNITED STATES' OPPOSITION TO
                                         )  DEFENDANT'S MOTION FOR EARLY
16      v.                               )  TERMINATION OF PROBATION
                                         )
17  PETER SIRAGUSA,                      )
                                         )
18          Defendant.                   )
    _____)

19

20       Plaintiff, the United States of America, by and through its counsel, Alex G. Tse, Acting United

21  States Attorney and Matthew A. Parrella and Michelle J. Kane, Assistant United States Attorneys,

22  hereby files its Opposition to Defendant's Motion for Early Termination of Probation, ECF No. 170.

23  This Opposition is based upon the files and records of the case together with the following statement of

24  facts and memorandum of points and authorities.

25  //

26  //

27

28

U.S. OPP'N MOT. EARLY TERMINATION PROBATION
CR 15-00013 EJD

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Siragusa was initially indicted on ten felony counts for his participation as a private investigator in a conspiracy to hack into email accounts, Skype accounts, and protected computers to assist his clients in their civil lawsuits. Indictment ¶ 2, 11, ECF No. 1. The scheme resulted in a stipulated loss of $38,950. Plea Agreement, ¶ 2, ECF No. 36. For his acceptance of responsibility, Mr. Siragusa also received a sentencing reduction. ECF No. 36 ¶ 7. Mr. Siragusa was then sentenced to probation for three years. ECF No. 129.

Under the special conditions of his probation, Mr. Siragusa was subject to home detention monitoring for a period of eight months. ECF No. 129 at 3, ¶ 5. Ninety days before Mr. Siragusa's home detention expired, the government agreed to terminate his home detention and instead impose a curfew so that Mr. Siragusa could care for his terminally ill mother. Stipulation & Order to Modify Probation, ECF No. 137.

On July 2, 2018, Mr. Siragusa filed a motion for early termination of probation. Mot. Early Termination Probation, ECF No. 170. His probation is set to expire in ten months, on May 23, 2019. ECF No. 170. Thus far, Mr. Siragusa has complied with the terms of his probation.

**STANDARD OF REVIEW**

18 U.S.C. § 3564(c) establishes the legal standard for deciding a motion to terminate probation. Section 3564(c) permits a court to terminate probation after the defendant has served at least one year for a felony conviction if "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." To guide this determination, courts are directed to consider the sentencing factors found in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, the need to deter criminal conduct and provide the defendant with effective correctional treatment, the sentencing range established by the Sentencing Commission, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3564(c) (incorporating the sentencing factors enumerated in 18 U.S.C. § 3553(a)).

District courts retain "broad discretion" in applying these factors to determine whether to grant a motion to terminate supervised release, *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (interpreting identical language in 18 U.S.C. § 3583(e) pertaining to supervised release), but generally

U.S. OPP'N MOT. EARLY TERMINATION PROBATION
CR 15-00013 EJD

1

1    only "exceptionally good behavior by the defendant . . . will render a previously imposed term or

2    condition . . . too harsh or inappropriately tailored to serve the general punishment goals of section

3    3553(a)," *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (citation omitted) (interpreting

4    identical language in 18 U.S.C. § 3585(e) pertaining to supervised release). Indeed, courts in this district

5    have denied motions for early termination when the defendant has not presented changed circumstances

6    or exceptionally good behavior. *See, e.g.*, *United States v. Hilton*, No. CR 13-172 PJH, 2014 WL

7    3728176, at \*3 (N.D. Cal. July 28, 2014) (denying early termination of probation because the defendant

8    failed to demonstrate "exceptionally good behavior" or "other changed circumstances"). Furthermore,

9    mere compliance with the terms of probation is not exceptional; indeed, failure to comply could be a

10    violation of the terms of probation. *Cf. United States v. Bauer*, No. CR 09-00980 EJD, 2012 WL

11    1259251, at \*2 (N.D. Cal. Apr. 13, 2012) (denying early termination of supervised release because the

12    defendant's "compliance with release conditions, resumption of employment and engagement of family

13    life" constitute "expected milestones rather than a change of circumstances rendering continued

14    supervision no longer appropriate").

15    **GOVERNMENT'S POSITION**

16         The Court should deny Mr. Siragusa's Motion for Early Termination of Probation because there

17    are no exceptional circumstances that warrant his early release. Furthermore, the government has

18    previously agreed to terminate his home detention electronic monitoring early so that he could spend

19    time with his terminally ill mother. The government has demonstrated a desire to see the interests of

20    justice served in Mr. Siragusa's prosecution and sentence rather than seek excessive punishment.

21         Unlike when he petitioned to have his home detention terminated, however, Mr. Siragusa has

22    articulated no specific, identifiable reason or hardship which warrants early termination of his probation.

23    He states that he has "taken full responsibility" for his actions and recognizes that his "actions had

24    consequences." ECF No. 170. But part of taking full responsibility for his actions and accepting the

25    consequences is serving the duration of his sentence: three years of probation. Considering that Mr.

26    Siragusa pled guilty to three felony convictions which resulted in a loss of $38,950, serving three full

27    years of probation is not unjust.

28         Moreover, the government appreciates that Mr. Siragusa has complied with the terms of his

1  probation and recognizes that he has completed over four hundred hours of community service at his

2  church. ECF No. 170. Mr. Siragusa's compliance with the terms of his probation, however, is not

3  exceptional. It merely indicates that he is serving out the sentence that was justly imposed upon him.

4  Indeed, failure to comply could constitute a violation of the terms of his probation. Moreover, his

5  completion of four hundred hours of community service is not an extraordinary demonstration of

6  charity; it was part of his legally required sentence. ECF No. 129 at 3, ¶ 11. That the experience has

7  been "humbling" suggests that his sentence is appropriate and has had a salutary impact; rather than end

8  it early, the Court should encourage Mr. Siragusa to serve the remaining ten months of his probation.

9        The government also recognizes that Mr. Siragusa now spends a great deal of time with his

10  family, including hosting his daughter and three grandchildren at his home. ECF No. 170. What Mr.

11  Siragusa has not explained, though, is how the terms of his probation, which are not onerous, prevent

12  him from spending time with his family or otherwise pose an undue hardship.

13                                        **CONCLUSION**

14        In short, Mr. Siragusa was convicted of three serious felonies. A final sentence of what amounts

15  to two years' probation is insufficient to further the public interest in deterring cybercrime. Mr.

16  Siragusa's probation appears to have had a beneficial and positive effect thus far, so it would not serve

17  the interests of justice to terminate it early. Finally, Mr. Siragusa has highlighted no factors that warrant

18  a disparity in his sentence compared to similar defendants who have served the full term of their

19  probation.

20        Therefore, the government respectfully requests that the Court deny Mr. Siragusa's Motion for

21  Early Termination of Probation.

22                                                    Respectfully Submitted,

23  DATED:  July 26, 2018                             ALEX G. TSE
                                                      Acting United States Attorney
24

25                                                     /s/
                                                      _____
                                                      MATTHEW A. PARRELLA
26                                                    MICHELLE J. KANE
                                                      Assistant United States Attorneys
27
                                                      JARED BOND
28                                                    Certified Law Clerk