UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br>　　　　Plaintiff,<br>　　v.<br>PETER SIRAGUSA,<br>　　　　Defendant. | Case No. 5:15-cr-00013-EJD-2<br><br>**ORDER DENYING MOTION TO TERMINATE PROBATION**<br><br>Re: Dkt. No. 170 |

Peter Siragusa ("Siragusa") was initially indicted on ten felony counts for his participation as a private investigator in a conspiracy to hack into email accounts, Skype accounts, and protected computers to assist his clients in their civil lawsuits. On May 23, 2016, the court sentenced Siragusa to three years of probation on the following counts: Conspiracy to Access a Protected Computer Without Authorization or Exceeding Authorized Access (18 U.S.C. § 1030(b)); Accessing a Protected Computer and Obtaining Information in Furtherance of Commercial Advantage or Private Financial Gain: Aiding and Abetting (18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), 18 U.S.C. § 2; and Interception of Electronic Communications: Aiding and Abetting (18 U.S.C. §§ 2511(1)(a), 4(a), 18 U.S.C. § 2). Dkt. No. 129. Under the special conditions of his probation, Siragusa was subject to home detention monitoring for eight months. Id. Ninety days before Siragusa's home detention expired, the court approved a stipulation to terminate home detention and instead impose a curfew so that Siragusa could care for his terminally ill mother. Dkt. No. 137.

Presently before the Court is Siragusa's motion for early termination of probation, filed on July 2, 2018. His probation is set to expire on May 23, 2019. To date, Siragusa has complied with

Case No.: 5:15-cr-00013-EJD-2
ORDER DENYING MOTION TO TERMINATE PROBATION
1

the terms of his probation, including completing his hours of community service. The United States Probation Office recommends early termination. The government opposes early termination, asserting that there are no exceptional circumstances to warrant early termination.

Pursuant to 18 U.S.C. § 3564(c), the court may, after considering the sentencing factors, "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Generally, the relevant sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

United States v. Khan, No. 4:03-cr-40210 WDB-2 (KAW), 2012 U.S. Dist. LEXIS 97776, at *5, 2012 WL 2906590 (N.D. Cal. July 13, 2012); United States v. Arnaiz, No. 13-cr-00617-MEJ-1, 2016 U.S. Dist. LEXIS 147870, at *4 (N.D. Cal. Oct. 25, 2016). "The defendant bears the burden of showing that he is entitled to early termination." United States v. Robins, 2014 U.S. Dist. LEXIS 83117, at *7, 2014 WL 11790802 (C.D. Cal. May 27, 2014) (citing United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Here, the nature and circumstances of the offense indicate that the offense is a one-time occurrence and there is nothing in the record to suggest that Siragusa will reoffend or would pose a danger to the public if probation is terminated. Siragusa has complied with the terms of his probation and has maintained a stable residence in Novato, California with his family, including his children and grandchildren. He has completed over 400 hours of community service.

That Siragusa has complied with the terms of his probation, however, does not

Case No.: 5:15-cr-00013-EJD-2
ORDER DENYING MOTION TO TERMINATE PROBATION
2

significantly advance his request for early termination.  See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (generally, only "exceptionally good behavior" will render a previously imposed term or condition too harsh).  Nor does Siragusa's acceptance of responsibility warrant early termination.  Rather, part of taking responsibility for his actions is serving the duration of his probationary period.  The court also notes that Siragusa has articulated no specific, identifiable reason or hardship which warrants early termination of his probation.

The motion for early termination of probation is DENIED.

**IT IS SO ORDERED.**

Dated:   August 24, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00013-EJD-2
ORDER DENYING MOTION TO TERMINATE PROBATION
3